UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) No. 17-cv-2614 (WHP) |
| U.S. BANK NATIONAL ASSOCIATION, | ) ) ) |
| *Defendant*. | ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 45 MOTION FOR CONTEMPT AND TO COMPEL PRODUCTION AGAINST NON-PARTY NATIONSTAR MORTGAGE LLC**

Peter W. Tomlinson (pwtomlinson@pbwt.com)
Stephanie Teplin (steplin@pbwt.com)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY  10036-6710
Telephone:  (212) 336-2000
Fax:  (212) 336-2222

*Attorneys for Plaintiff Ambac Assurance Corporation*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1
STATEMENT OF FACTS .........................................................................................................1
ARGUMENT ...............................................................................................................................4
    I.    Nationstar is in contempt of court for failing to comply with Ambac's duly issued subpoena. ......................................................................................................5
        A.    Ambac's subpoena to Nationstar was properly served and seeks relevant documents. ............................................................................................6
        B.    Nationstar's noncompliance was willful and follows a pattern of noncompliance with court orders. ...............................................................7
    II.    The Court should impose sanctions on Nationstar and order it to reimburse Ambac for the expense of this motion. ...................................................................9
CONCLUSION ..........................................................................................................................11

10251617

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AmTrust N. Am., Inc. v. Safebuilt Ins. Servs.*,
    186 F. Supp. 3d 278 (S.D.N.Y. 2016) ............................................................................................6

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*,
    262 F.R.D. 293 (S.D.N.Y. 2009) ....................................................................................................6

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................................ 6-7

*In re Corso*,
    328 B.R. 375 (E.D.N.Y. 2005) .......................................................................................................7

*Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*,
    951 F.2d 1357 (2d Cir. 1991) .................................................................................................... 5, 9

*Gucci Am., Inc. v. Weixing Li*,
    No. 10-cv-4974, 2015 U.S. Dist. LEXIS 160842 (S.D.N.Y. Nov. 30, 2015) ...........................9

*Gucci Am. Inc. v. Bank of China*,
    768 F.3d 122 (2d Cir. 2014) ..........................................................................................................5

*Jalayer v. Stigliano*,
    No. 10-cv-2285, 2016 U.S. Dist. LEXIS 135288 (E.D.N.Y. Sept. 29, 2016) .........................8

*Leser v. U.S. Bank Nat'l Ass'n*,
    No. 09-cv-2362, 2011 U.S. Dist. LEXIS 28127 (E.D.N.Y. Mar. 18, 2011) ....................... 9, 10

*McCabe v. Ernst & Young LLP*,
    221 F.R.D. 423 (D.N.J. 2004) ........................................................................................................7

*In re Miller*,
    No. 14-10301, 2015 Bankr. LEXIS 4530 (Bankr. D. Vt. July 24, 2015) ............................ 8, 9

*Musalli Factory for Gold & Jewelry Co. v. N.Y. Fin. LLC*,
    No. 06-cv-82, 2010 U.S. Dist. LEXIS 58439 (S.D.N.Y. June 14, 2010) ...............................10

*Orbit One Commc'ns, Inc. v. Numerex Corp.*,
    255 F.R.D. 98 (S.D.N.Y. 2008) .....................................................................................................5

*Painewebber Inc. v. Acstar Ins. Co.*,
    211 F.R.D. 247 (S.D.N.Y. 2002) ..................................................................................................5

*Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*,
    369 F.3d 645 (2d Cir. 2004) ..........................................................................................................9

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*Perez v. Danbury Hosp.*,
   347 F.3d 419 (2d Cir. 2003) ..................................................................................................5

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*,
   673 F.2d 53 (2d Cir. 1982)......................................................................................................9

*In re Rhodes*,
   563 B.R. 380 (Bankr. M.D. Fla. 2017) ...................................................................................8

*Sigety v. Abrams*,
   632 F.2d 969 (2d Cir. 1980).....................................................................................................5

*Sprint Nextel Corp. v. Ace Wholesale*,
   No. 14-mc-00247, 2014 U.S. Dist. LEXIS 125368 (S.D.N.Y. Aug. 26, 2014)...............8, 9, 10

*Trs. of the Teamsters Local 456 v. A.G. Constr. Corp.*,
   No. 12-cv-2994, 2017 U.S. Dist. LEXIS 20810 (S.D.N.Y. Feb. 14, 2017)........................8, 10

*United Fabrics Int'l, Inc. v. Metro 22, Inc.*,
   No. 16-mc-0253, 2016 U.S. Dist. LEXIS 149146 (S.D.N.Y. Oct. 27, 2016)......................8, 10

*United States v. Int'l Bus. Machs. Corp.*,
   70 F.R.D. 700 (S.D.N.Y. 1976) ...............................................................................................7

*Universitas Educ., LLC v. Nova Grp., Inc.*,
   Nos. 11-cv-1590, 11-cv-8726, 2013 U.S. Dist. LEXIS 99957 (S.D.N.Y. July
   11, 2013) ................................................................................................................................10

*Waldschmidt v. Nationstar Mortg. LLC (In re Phillips)*,
   Nos. 314-05711, 314-90534, 2015 Bankr. LEXIS 1886 (Bankr. M.D. Tenn.
   June 9, 2015).....................................................................................................................8, 10

*Weitzman v. Stein*,
   98 F.3d 717 (2d Cir. 1996).....................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 45(a)(1)(A) ............................................................................................................6

Fed. R. Civ. P. 45(a)(3) ..................................................................................................................6

Fed. R. Civ. P. 45(b) ......................................................................................................................6

Fed. R. Civ. P. 45(d) ..................................................................................................................5, 6

Fed. R. Civ. P. 45(d)(2)(B) ............................................................................................................6

10251617

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

Fed. R. Civ. P. 45(e) ...........................................................................................................5, 6

Fed. R. Civ. P. 45(g) ...............................................................................................................5

9-45 Moore's Federal Practice § 45.41(1)(c) (2018) ..............................................................6

10251617

## PRELIMINARY STATEMENT

Non-Party Nationstar Mortgage LLC ("Nationstar") and its attorneys have ignored Plaintiff Ambac Assurance Corporation's ("Ambac") duly-issued subpoena *duces tecum*—failing to produce documents, serve objections, or respond in any way—notwithstanding Ambac's repeated requests for a response. Nationstar's conduct in this case is consistent with its pattern of thumbing its nose at the judicial process in other litigations, refusing to comply with court orders or even common courtesy, and all the while foisting the costs of its noncompliance on other litigants and the courts.

A subpoena is a judicial command, enforceable by the Court's power of contempt when the receiving party fails to comply. Nationstar's unexplained and brazen disobedience will deprive Ambac of evidence essential to its claims. Ambac attempted, without success, to resolve this issue without filing this motion, but Nationstar's behavior suggests that nothing short of a court order will persuade it to comply with its obligations under the subpoena. Ambac therefore respectfully requests that the Court compel Nationstar to produce the requested documents and hold it in contempt for disobeying a subpoena. And given Nationstar's history of willfully disobeying court orders, Ambac further requests that Nationstar be ordered to reimburse Ambac for the costs and fees associated with bringing this motion and to pay fines to ensure Nationstar's compliance.

## STATEMENT OF FACTS

Through this suit Ambac seeks to hold Defendant U.S. Bank National Association ("U.S. Bank") accountable for its breaches of contract and its common law duties as trustee of five residential mortgage-backed securities trusts.[1] Ambac alleges that U.S. Bank breached its

---

[1] Harborview Mortgage Loan Trust 2005-2, 2005-8, 2005-12, 2005-13, and 2005-16 (the "Trusts").

pre-Event of Default duties to enforce the Trusts' rights against Countrywide Home Loans, Inc. ("Countrywide") for repurchase of loans that breach Countrywide's representations and warranties. Amended Complaint, ECF No. 62 ("Compl.") ¶¶ 83–90, 123–129. Ambac further alleges that Events of Default occurred on the Trusts based on Countrywide's failure to repurchase breaching loans and on the failures of the Trusts' original servicer Countrywide Home Loans Servicing, Inc., now known as Bank of America National Association ("BANA"). Compl. ¶¶ 53–73. Following these Events of Default, U.S. Bank assumed heightened duties as a prudent person and a fiduciary to protect the Trusts' assets, including valuable claims against third parties. Compl. ¶¶ 47–51. U.S. Bank failed to do so, causing Ambac, as the Trusts' certificate insurer, hundreds of millions of dollars in losses. Compl. ¶¶ 74–82, 91–101.

Key to this litigation, therefore, are the loan origination files that will allow Ambac's expert to reunderwrite the loans in the Trust to determine whether they breached representations and warranties. Loan origination files, which contain documents such as the original loan application, appraisal, and closing records, are necessary to determine whether loans comply with underwriting guidelines and other contractual representations and warranties. March 23, 2018 Declaration of Peter W. Tomlinson ("Tomlinson Decl.") ¶¶ 6–7. After a loan is closed, the original loan files are commonly transferred to and maintained by the loan's servicer. Tomlinson Decl. ¶ 7. In addition to origination files, Ambac also requires discovery of the servicing records that will establish whether BANA's servicing violations triggered an Event of Default and U.S. Bank's heightened duties as trustee. Tomlinson Decl. ¶ 8.

To that end, on November 1, 2017, Ambac issued a subpoena (the "Subpoena") to Nationstar, who became the Trusts' servicer in 2013, *see* Compl. ¶ 32, and possesses loan files,

2

servicing files and records, and other relevant documents.[2]  *See* Tomlinson Decl. Ex. 1.  Ambac served the Subpoena on Nationstar on November 2, 2017 by hand delivery to the Corporation Service Company, Nationstar's registered service agent in New York.  *See* Tomlinson Decl. Exs. 2, 3.  The Subpoena commanded production of the documents to counsel for Ambac by December 6, 2017.  Tomlinson Decl. Ex. 1.

Nationstar ignored the Subpoena.  On December 21, 2017, having received no response or other communication in the nearly two months since the Subpoena was served and three weeks after production was due, Ambac sent a letter to Jeffrey M. Tillotson of the Tillotson law firm in Dallas, Texas, and Robin L. Alperstein of Becker, Glynn, Muffly, Chassin & Hosinki LLP in New York, two attorneys that had represented Nationstar in connection with subpoenas issued by Ambac in other matters.  Tomlinson Decl. Ex. 4.  Ambac attached a copy of the Subpoena, and requested that counsel forward the letter to the appropriate in-house or outside counsel for Nationstar if they were not handling the matter.  *Id.*  Ambac also informed counsel that it would seek the Court's intervention if Nationstar did not promptly respond.  *Id.*

Ambac did not hear back from Nationstar's counsel for over two weeks.  On January 8, 2018, Mr. Tillotson's assistant emailed Ambac's counsel, claiming not to have a copy of the Subpoena, despite it having been both served on Nationstar and emailed to Mr. Tillotson himself.  Tomlinson Decl. Ex. 5.  That same day, Ambac forwarded a courtesy copy of the Subpoena, but received no response.  *Id.*; Tomlinson Decl. ¶ 11.  On January 26, 2018, nearly three months after Ambac served Nationstar with the Subpoena, Ambac's counsel again emailed Mr. Tillotson requesting a date by which Ambac could expect Nationstar to respond, and again

---

[2] Ambac also issued substantively identical subpoenas to Countrywide and BANA, who timely responded and have met and conferred with Ambac's counsel to determine the scope of production.  Tomlinson Decl. ¶ 9.  Countrywide and BANA's counsel advised, however, that certain documents were likely transferred to Nationstar as part of the servicing transfer in 2013.  *Id.*

informing Nationstar that if it failed to respond Ambac would seek the Court's intervention. Tomlinson Decl. Ex. 6. Lacking the common courtesy to even acknowledge Ambac's communications, Nationstar and its lawyers have simply stuck their heads in the sand and ignored the Subpoena and Ambac's repeated requests for a response.

This is not the first time Nationstar has refused to comply with a subpoena issued by Ambac. In a litigation in New York state court, Ambac subpoenaed Nationstar for documents similar to those sought here, but Nationstar failed to make any production until Ambac filed a motion with the discovery master in that case. Tomlinson Decl. ¶ 13; *id.* Ex. 7. Even under the threat of a motion to compel, Nationstar repeatedly missed production deadlines, including those its own counsel had agreed to. Tomlinson Decl. ¶ 14; *id.* Exs. 8, 9. In all, despite court intervention, it took over fifteen months from the date of Ambac's subpoena until Nationstar completed production. Tomlinson Decl. ¶ 14. Nationstar's conduct here has been even more cavalier: it has failed to acknowledge or respond to the Subpoena in any way, despite Ambac's repeated communications.

**ARGUMENT**

Nationstar has ignored a valid subpoena without any justification. This is not a case of a non-party merely missing a production deadline. Rather, Nationstar received a duly issued subpoena and has opted to brazenly ignore its obligation to respond, and Ambac's attempts to engage Nationstar or its counsel have been met with silence. Nationstar is accustomed to treating Ambac's and other parties' subpoenas with such disdain. Indeed, a docket search reveals that blatant disobedience of court orders appears to be Nationstar's *modus operandi*. Consistent with the goals of ensuring compliance with judicial commands and facilitating the production of relevant evidence, the Court should order Nationstar to comply with

4

the Subpoena, hold Nationstar in contempt of court, impose fines to deter Nationstar's continued noncompliance, and compensate Ambac for the costs associated with pursuing this motion.

**I.     Nationstar is in contempt of court for failing to comply with Ambac's duly issued subpoena.**

"Unless it offers an adequate excuse, a party or non-party must obey a valid subpoena." *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 105 (S.D.N.Y. 2008). To ignore a subpoena is to defy judicial authority, and courts "ha[ve] the power under [Rule 45] to impose contempt simply on the basis of failure to comply with a subpoena." *Painewebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002); *see also Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991) ("Undeniably, a valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court."). Accordingly, Rule 45 authorizes courts to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

A contempt order is merited where the moving party establishes that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Gucci Am. Inc. v. Bank of China*, 768 F.3d 122, 142 (2d Cir. 2014) (quoting *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003)); *see also Sigety v. Abrams*, 632 F.2d 969, 975 (2d Cir. 1980) (noting the movant's burden of "showing by clear and convincing evidence" the subpoena recipient's failure to comply with the requested production). Here, Nationstar unmistakably chose to disregard a duly issued subpoena. The Court should compel its compliance and hold Nationstar in contempt.

### A. Ambac's subpoena to Nationstar was properly served and seeks relevant documents.

Ambac's subpoena to Nationstar was validly served and complies with Rule 45's requirements. On November 2, 2017, a process server hand-delivered a copy of the Subpoena to Nationstar's agent in New York, *see* Tomlinson Decl. Ex. 3, effectuating service and giving adequate notice to Nationstar of the demanded production. *See* Fed. R. Civ. P. 45(b); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams.*, 262 F.R.D. 293, 305–07 (S.D.N.Y. 2009) (holding that personal service of a subpoena upon a corporation is satisfied by service on its agent, such as the Secretary of State (citations omitted)).[3]

The Subpoena complied with all the other requirements of Rule 45: it stated the court from which it issued, stated the title and number of the action, commanded the production of documents at a specified time and place, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A); Tomlinson Decl. Ex. 1. The Subpoena was signed by Ambac's counsel in this action, who is authorized to practice in the issuing court. *See* Fed. R. Civ. P. 45(a)(3); Tomlinson Decl. Ex. 1. The Subpoena sought five categories of documents that are relevant to the case and likely to be in Nationstar's possession, including loan files, underwriting guidelines, servicing records, documents concerning breaches of representations and warranties, and communications between Nationstar and U.S. Bank. *See* Tomlinson Decl. Ex. 1.

Nationstar has not raised any objections to the Subpoena, and by failing to timely serve objections—or indeed make any effort to discuss the document requests with Ambac's counsel—it waived any objections it may otherwise have raised. *See* Fed. R. Civ. P. 45(d)(2)(B)

---

[3] Even if Nationstar somehow was unaware of the subpoena despite its valid service, Ambac delivered a courtesy copy of the subpoena to Nationstar's counsel by email on December 21, 2017 and on January 8, 2018. Tomlinson Decl. Exs. 4, 5; *cf., e.g.*, *AmTrust N. Am., Inc. v. Safebuilt Ins. Servs.*, 186 F. Supp. 3d 278, 279–80 (S.D.N.Y. 2016) (respondent complied with subpoena that was served on its corporate counsel).

(objections must be served before the earlier of 14 days after service or the time specified for compliance); 9-45 Moore's Federal Practice § 45.41(1)(c) (2018) ("If no timely written objection is served, the person subject to the subpoena generally waives any objection to production or inspection as commanded by the subpoena."); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996); *United States v. Int'l Bus. Machs. Corp.*, 70 F.R.D. 700, 701–02 (S.D.N.Y. 1976); *see also In re Corso*, 328 B.R. 375, 384–85 (E.D.N.Y. 2005) (holding objections to the scope and burden of requested production waived where the recipient did not object until months after the subpoena was issued and contempt sanctions were entered); *McCabe v. Ernst & Young LLP*, 221 F.R.D. 423, 424–25 (D.N.J. 2004) (holding that subpoena recipient waived opportunity to request reimbursement for costs of compliance by failing to timely move for a protective order).

Nationstar cannot dispute that it failed to comply with a valid subpoena, effectively violating a court order. Nationstar should be held in contempt and ordered to produce the documents requested in the Subpoena.

### B. Nationstar's noncompliance was willful and follows a pattern of noncompliance with court orders.

Instead of complying with Ambac's subpoena—or even giving Ambac the courtesy of a response—Nationstar has stuck its head in the sand and refused to acknowledge the Subpoena's existence. Its conduct does not appear to be the result of negligence or mistake, but instead of willful refusal to comply with its civil discovery obligations. Such bare disregard for the judicial process is unacceptable, but appears to be Nationstar's routine practice.

In a separate case pending in New York State Supreme Court, Ambac spent over a year attempting to obtain similar types of documents from Nationstar. Consistent with its behavior here, Nationstar failed to produce the requested documents, and often simply failed to

7

respond to repeated outreach from Ambac's counsel. Tomlinson Decl. ¶¶ 13-14. Eventually, Ambac was forced to file a motion to compel with the discovery special master, resulting in multiple rounds of briefing and numerous missed deadlines by Nationstar. *Id.*; *id.* Ex. 7. It took eight months from the date of the subpoena before Nationstar produced a single document, and fifteen months before it completed production. *See* Tomlinson Decl. ¶ 14; *id.* Exs. 8, 9.

Nor is Ambac is the first to encounter Nationstar's pattern of flouting court orders, which has led to several prior enforcement actions. For example:

- In *In re Rhodes*, 563 B.R. 380 (Bankr. M.D. Fla. 2017), Nationstar ignored a court order to release liens on a debtor's properties for over two years. *See id.* at 382–86. The court concluded that Nationstar's "inexcusable and blatant failures to abide by [court] orders" and its "reckless disregard" for court authority forced the debtor to "expend[] time and effort in quixotic attempts to beseech Nationstar to comply." *Id.* at 382, 386–87. The court ultimately fined Nationstar $25,000. *Id.* at 387.

- In *In re Miller*, No. 14-10301, 2015 Bankr. LEXIS 4530 (Bankr. D. Vt. July 24, 2015), Nationstar disregarded a court order to pay fees and costs issued after Nationstar failed to appear at a hearing on a post-petition motion. *Id.* at *1–2. The court held Nationstar in contempt, ordering it to compensate the debtor for the cost of enforcing the order and fining it $13,400, $200 for each day of noncompliance. *Id.* at *2, 7–8.

- In *Waldschmidt v. Nationstar Mortgage LLC (In re Phillips)*, Nos. 314-05711, 314-90534, 2015 Bankr. LEXIS 1886 (Bankr. M.D. Tenn. June 9, 2015), the court granted a motion for sanctions and awarded the moving party fees and costs after Nationstar delayed in producing documents relating to its claim against the debtor. *Id.* at *1–4.

In line with its history of noncompliance, Nationstar again disregards a judicial command. Courts readily hold in contempt persons who provide no justification for their failure to comply with a subpoena. *See, e.g.*, *Trs. of the Teamsters Local 456 v. A.G. Constr. Corp.*, No. 12-cv-2994, 2017 U.S. Dist. LEXIS 20810, at *5 (S.D.N.Y. Feb. 14, 2017); *United Fabrics Int'l, Inc. v. Metro 22, Inc.*, No. 16-mc-0253, 2016 U.S. Dist. LEXIS 149146, at *2-4 (S.D.N.Y. Oct. 27, 2016); *Jalayer v. Stigliano*, No. 10-cv-2285, 2016 U.S. Dist. LEXIS 135288, at *8 (E.D.N.Y. Sept. 29, 2016); *Sprint Nextel Corp. v. Ace Wholesale*, No. 14-mc-00247, 2014 U.S. Dist. LEXIS

8

125368, at *2–3 (S.D.N.Y. Aug. 26, 2014). And Nationstar's past conduct demonstrates that, in the absence of an explicit court order setting firm deadlines, Nationstar will continue to string the court and the parties along, causing unnecessary expense and delay. The Court should compel Nationstar to respond to the Subpoena and hold it in contempt of court.

**II.    The Court should impose sanctions on Nationstar and order it to reimburse Ambac for the expense of this motion.**

"When a party seeks to frustrate [the goals of civil discovery] by disobeying discovery orders, thereby preventing disclosure of facts essential to an adjudication on the merits, severe sanctions are appropriate." *Daval Steel Prods.*, 951 F.2d at 1365. District courts have broad authority to fashion sanctions to compel the contemnor's obedience and compensate the movant for the contemnor's wrongdoing. *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657–58 (2d Cir. 2004); *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57 (2d Cir. 1982). Both types of sanctions are appropriate here to remedy Nationstar's misconduct and secure its future compliance.

First, given Nationstar's refusal to even engage in discussions with Ambac's counsel about responding to the Subpoena, the Court should order compliance and impose a per diem fine to ensure that Nationstar stops dragging its feet. Accumulating fines are a common tool employed by courts to end contumacious conduct. *See, e.g.*, *Gucci Am., Inc. v. Weixing Li*, No. 10-cv-4974, 2015 U.S. Dist. LEXIS 160842, at *9 (S.D.N.Y. Nov. 30, 2015) (imposing a $50,000-per-day fine); *Leser v. U.S. Bank Nat'l Ass'n*, No. 09-cv-2362, 2011 U.S. Dist. LEXIS 28127, at *36 (E.D.N.Y. Mar. 18, 2011) ($500-per-day fine); *Sprint Nextel Corp.*, 2014 U.S. Dist. LEXIS 125368, at *3–4 (threatening a $500-per-day fine where the contemnor "knowingly failed to comply with the [s]ubpoena and provided no justification for its failure"). Nationstar has previously encountered similar sanctions, *see In re Miller*, 2015 Bankr. LEXIS 4530, at *1

9

($200-per-day fine against Nationstar), yet continues its recalcitrance—accordingly, significant fines are warranted to ensure Nationstar's speedy response.  If fines are unavailing, the Court is entitled to impose, and should consider, more severe penalties such as incarceration of the individuals causing Nationstar's noncompliance.  *See, e.g.*, *Musalli Factory for Gold & Jewelry Co. v. N.Y. Fin. LLC*, No. 06-cv-82, 2010 U.S. Dist. LEXIS 58439, at *10–11 (S.D.N.Y. June 14, 2010) (ordering a contemnor's arrest); *Leser*, 2011 U.S. Dist. LEXIS 28127, at *46–48 (threatening the contemnor's arrest); *Sprint Nextel Corp.*, 2014 U.S. Dist. LEXIS 125368, at *3–4 (same); *accord* S.D.N.Y. Local R. 83.6 (providing for contemnor's arrest and confinement "where appropriate").

Second, the Court should award Ambac attorneys' fees and other costs associated with its efforts to enforce the Subpoena.  *See Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) (holding that a finding of willful violation "strongly supports" an award of attorneys' fees); *see also, e.g.*, *Waldschmidt*, 2015 Bankr. LEXIS 1886, at *3 (granting compensatory sanctions against Nationstar for misconduct relating to failure to produce documents); *Trs. of the Teamsters Local 456*, 2017 U.S. Dist. LEXIS 20810, at *6 (awarding $5,387.56); *United Fabrics Int'l, Inc.*, 2016 U.S. Dist. LEXIS 149146, at *4 ($2,250); *Sprint Nextel Corp.*, 2014 U.S. Dist. LEXIS 125368, at *3 ($15,000).  Importantly, courts have issued compensatory sanctions even where the contemnor had since begun complying with the subpoena.  *See, e.g.*, *Universitas Educ., LLC v. Nova Grp., Inc.*, Nos. 11-cv-1590, 11-cv-8726, 2013 U.S. Dist. LEXIS 99957, at *36–37 (S.D.N.Y. July 11, 2013) (finding a sanction awarding fees and costs appropriate even though coercive sanctions were unwarranted); *see also Weitzman*, 98 F.3d at 719.  Similarly here, Ambac is entitled to be reimbursed for the attorneys' fees and costs it incurred in bringing

this motion necessitated by Nationstar's willful refusal to comply with its civil discovery obligations.[4]

## CONCLUSION

If Nationstar's willful noncompliance with Ambac's subpoena is allowed to continue it will delay resolution of this case and seriously prejudice Ambac's ability to seek redress from U.S. Bank.  Ambac respectfully requests that the Court order Nationstar to promptly comply with the Subpoena, hold Nationstar in contempt of court, impose fines on Nationstar to coerce its compliance, and award Ambac attorneys' fees and costs incurred as a result of bringing this motion.

Dated: March 23, 2018
New York, New York

/s/ Peter W. Tomlinson
Peter W. Tomlinson (pwtomlinson@pbwt.com)
Stephanie Teplin (steplin@pbwt.com)
PATTERSON BELKNAP WEBB
& TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000

*Attorneys for Plaintiff Ambac Assurance Corporation*

---

[4] Should the Court grant Ambac's motion for sanctions, Ambac is prepared to supplement its papers with the amount of attorneys' fees and costs it has incurred and records substantiating that calculation.

11

10251617