UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
: 
AMBAC ASSURANCE :
CORPORATION, :
:
Plaintiff, : 17cv2614
:
-against- : MEMORANDUM & ORDER
:
U.S. BANK NATIONAL ASSOCIATION, :
:
Defendant. :
:
---------------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Defendant U.S. Bank National Association ("U.S. Bank") moves to amend its Answer to: (1) add new mutual mistake affirmative defenses regarding certain contractual terms and obligations at issue in this action, and (2) bolster its already-asserted affirmative defense of estoppel with facts learned in discovery. Plaintiff Ambac Assurance Corporation ("Ambac") opposes the motion. On December 23, 2019, this Court held a conference where the parties expanded on the arguments in their letter submissions.[1] For the reasons that follow, U.S. Bank's motion for leave to amend is granted.

DISCUSSION

I. Legal Standard

        Leave to amend a pleading shall be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a), and should not be denied unless: (1) the movant acts in bad faith, (2) the amendment sought will be futile, (3) the motion is filed after undue delay, or (4) granting leave to amend would prejudice the adverse party, Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110

---

[1] At the conference, the parties agreed that this Court could treat their pre-motion letter submissions as fully-briefed motions. (Dec. 23, 2019 Conference Tr. at 18.)

(2d Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). The decision to grant or deny is within the discretion of the district court. Foman, 371 U.S. at 182; United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi., 889 F.2d 1248, 1254 (2d Cir. 1989).

II. Mutual Mistake

U.S. Bank seeks to amend its Answer to add two mutual mistake affirmative defenses. These defenses concern purported errors made in reconstituting the Master Mortgage Loan Purchase and Servicing Agreement ("MMLPSA"), as well as in amending the accompanying Servicing Addendum. U.S. Bank contends that because of these errors, the agreements—as drafted—do not reflect the intent of the parties. (ECF No. 126, at 1–2.) Ambac does not allege bad faith on the part of U.S. Bank in moving to plead these new affirmative defenses, but it maintains they are futile, untimely, and prejudicial. (Dec. 23, 2019 Conference Tr. at 15.) This Court disagrees.

Ambac contends that U.S. Bank's proposed mutual mistake defenses are futile because reformation is the remedy for mutual mistake in contracting. Claims for reformation under New York law are governed by a six-year statute of limitations, which Ambac asserts lapsed long ago. (ECF No. 128, at 1 (citing Wallace v. 600 Partners Co., 658 N.E.2d 715, 716–17 (N.Y. 1995)).) But even "[i]n the absence of a claim for reformation, courts may as a matter of interpretation carry out the intention of a contract by transporting, rejecting, or supplying words" if an "absurdity has been identified or the contract would otherwise be unenforceable." Wallace, 658 N.E.2d at 717. In recognition of this point, Ambac has clarified that its argument is that U.S. Bank—while not temporally barred from bringing its mutual mistake affirmative defenses—faces a heavy burden in proving them. (Dec. 23, 2019 Conference Tr. at 10.) Be that as it may, "[u]pon a motion to amend pleadings, defendant need not prove that it would

ultimately prevail at trial; rather, amendment is futile where the proposed affirmative defense could not survive on its face." Pall Corp. v. Entegris, Inc., 2007 WL 9709768, at *2 (E.D.N.Y. 2007); see also In re Currency Conversion Fee Antitrust Litig., 264 F.R.D. 100, 118 (S.D.N.Y. 2010) ("An amendment to add an affirmative defense is futile when the proposed affirmative defense is not a defense to liability, that is, when the proposed affirmative defense lacks a sound basis in law." (quotation marks omitted)).  And here, U.S. Bank has purportedly identified specific errors in the reconstituted MMLPSA and amended Servicing Addendum that it claims do not align with the intentions of the parties to those agreements.  Although Ambac insists that there "is nothing commercially unreasonable, much less absurd" about the agreements as written, (ECF No. 128, at 2), this Court cannot—at least at this juncture—make that determination.  Thus, Ambac fails to demonstrate futility.

Ambac also alleges undue delay because U.S. Bank could have raised its proposed mutual mistake affirmative defenses when it interposed an answer.  To be sure, at the December 23 conference, U.S. Bank conceded that it "[p]robably" could have pled these defenses earlier.  (Dec. 23, 2019 Conference Tr. at 17.)  However, "[t]here is no requirement that defendants must plead all known affirmative defenses at the time of their first answer."  Ragin v. Harry Macklowe Real Estate Co., Inc., 126 F.R.D. 475, 478 (S.D.N.Y. 1989).  Indeed, "[a]s long as amendment of pleadings does not prejudice plaintiffs, defendants will not be precluded from adding additional defenses about which they had knowledge."  Ragin, 126 F.R.D. at 478; see State Teachers Ret. Bd. v. Flour Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.")

Unsurprisingly, Ambac claims prejudice if this Court grants U.S. Bank's motion as to the mutual mistake affirmative defenses. Specifically, Ambac contends that these affirmative defenses will necessitate third-party discovery concerning the drafting and interpretation of the agreements at issue, which will be costly and time-consuming. (See ECF No. 128, at 3.) Ambac's argument is unpersuasive for two reasons. First, U.S. Bank filed its motion on December 10, 2019—over a month before the current fact discovery deadline of January 17, 2020. (See ECF No. 118.) Second, at the December 23 conference, the parties represented that they will request an extension of fact discovery <u>regardless</u> of whether this Court grants U.S. Bank's motion to amend. (See Dec. 23, 2019 Conference Tr. at 13, 18–19.) Should the parties require additional time to conduct discovery regarding these new affirmative defenses, they can request it when seeking their extension. Thus, U.S. Bank's proposed amendments will not unduly prejudice Ambac. See <u>Pall Corp.</u>, 2007 WL 9709768, at *2 (finding no undue prejudice where "[a]t the time defendant made its motion, fact discovery had not yet closed" and "expert discovery ha[d] not begun"); <u>Ragin</u>, 126 F.R.D. at 478 (concluding that "the proposed amendments [did] not substantially delay either discovery or . . . trial" because "plaintiffs had not yet commenced depositions of defendants, and defendants had not yet completed depositions of all plaintiffs").

III. <u>Estoppel</u>

At the December 23 conference, Ambac conceded it would experience no prejudice if this Court permitted U.S. Bank to amend its Answer to supplement its already-asserted estoppel defense with facts learned during discovery. (Dec. 23, 2019 Conference Tr. at 12 ("I'm not going to argue to you that there's substantial prejudice to Ambac on the estoppel point.").) Ambac even expressed a willingness "to stand down on th[is]" portion of its

4

opposition. (Dec. 23, 2019 Conference Tr. at 12.) Accordingly, this Court grants U.S. Bank's motion to supplement its estoppel defense.

## CONCLUSION

For the foregoing reasons, U.S. Bank's motion to amend its Answer is granted. The parties shall submit a proposed revised scheduling order by January 17, 2020.

Dated: January 3, 2020
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.