UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
AMBAC ASSURANCE CORPORATION,           :
                                       :
           Plaintiff,                  :    Index No. 17-cv-2614 (WHP)
                                       :
     -against-                         :
                                       :
U.S. BANK NATIONAL ASSOCIATION,        :
                                       :
           Defendant.                  :
                                       :
------------------------------------- X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S RULE 45 MOTION TO COMPEL PRODUCTION AGAINST <u>NON-PARTY NATIONSTAR MORTGAGE LLC</u>

Alexander D. Newman
Carly A. Kessler
399 Park Avenue, Suite 3600
New York, NY 10022-4690
Phone: (212) 980-7400
Fax: (212) 980-7499
anewman@robinskaplan.com
ckessler@robinskaplan.com

*Attorneys for Defendant*
*U.S. Bank National Association*

## PRELIMINARY STATEMENT

Defendant U.S. Bank National Association ("U.S. Bank") respectfully requests that this Court order non-party Nationstar Mortgage LLC ("Nationstar") to comply with U.S. Bank's validly-issued subpoena (the "Subpoena").

Nationstar has inexplicably failed to produce a single document in response to the Subpoena, despite never once having raised a single objection to any of the requests or the Subpoena itself. Although Nationstar's counsel received a courtesy copy of the Subpoena the same day it was issued, Nationstar did not provide any substantive response to the subpoena for *four months* after it was issued and served. Even then, though Nationstar agreed to produce all requested documents, it missed its own self-chosen deadlines to do so, and simply stopped responding. It has now been more than five months since the Subpoena was served, and Nationstar has still neither produced a single document nor raised a single objection.

This is not the first motion to compel against Nationstar in this litigation—Plaintiff Ambac Assurance Corporation ("Plaintiff" or "Ambac") was forced to move to compel production from Nationstar in response to similar conduct.

Given Nationstar's complete disregard for the validly-issued Subpoena, its failure to object, and its agreement to produce the documents sought, U.S. Bank respectfully requests that this Court issue an Order compelling Nationstar to fully comply with the Subpoena.

## BACKGROUND FACTS

The Subpoena was validly issued to Nationstar on July 22, 2019. Carly A. Kessler Declaration dated January 15, 2020 ("Kessler Decl.") ¶ 3; Ex. A. On the same date, counsel for U.S. Bank sent Nationstar's counsel a courtesy copy of the Subpoena via email. *Id.* ¶ 5; Ex. B. Counsel for Nationstar, Jeff Tillotson at Tillotson Law Firm, responded, "Thanks," implicitly acknowledging receipt of the Subpoena. *Id.* ¶ 6; Ex. C. On July 24, 2019, the Subpoena was

personally served on Nationstar via its registered agent, Corporation Service Company. *Id.* ¶ 8; Ex. E; *see also* ¶ 7; Ex. D.

The deadline to respond to the Subpoena was August 12, 2019, but Nationstar failed to respond by that date; it did not produce documents, object to the Subpoena, or otherwise respond to U.S. Bank in any way. *Id.* ¶ 9. On August 13, 2019, U.S. Bank's counsel emailed Mr. Tillotson to follow up and informed Mr. Tillotson that the deadline had expired. *Id.* ¶ 10; Ex. F. That same day, Mr. Tillotson responded and stated that he would "check with the client today." *Id.*; Ex. G.

Between Mr. Tillotson's August 13 email and late November 2019, U.S. Bank sent numerous emails and letters to Nationstar's counsel and made repeated phone calls to his office. *Id.* ¶¶ 11–16; Exs. H–L.

Among its other communications to Nationstar during this time, U.S. Bank, having been unable to meet and confer regarding the Subpoena, sent a detailed letter to Nationstar's counsel via email and FedEx outlining the primary documents U.S. Bank was seeking. *Id.* ¶ 16; Ex. L. The letter explained that U.S. Bank's primary requests included (1) communications with Plaintiff, (2) settlements, and (3) Loan Files and Loan Servicing Files (as defined by the Subpoena). *Id.*

After its initial email promising to "check with the client," Nationstar and its counsel did not reply for over **three months,** despite U.S. Bank's repeated attempts to get in contact. On November 25, 2019, Mr. Tillotson finally responded to U.S. Bank's counsel via email, requesting a call to discuss the Subpoena. *Id.* ¶ 17; Ex. M, at p. 2. U.S. Bank's counsel made itself available the next day, November 26, 2019 for a call with Mr. Tillotson. During the call, Mr. Tillotson agreed to produce the requested communications with Plaintiff, including loan

lists, by the following day, November 27, 2019. *Id.* ¶ 18. Mr. Tillotson also agreed to produce responsive settlement documents and responsive loan files or servicing files. *Id*. After the call, U.S. Bank's counsel emailed Mr. Tillotson to summarize their conversation. *Id*. ¶ 19, Ex. N, at p. 2-3. Like the other deadlines, Nationstar's self-imposed deadline of November 27, 2019 to produce loan lists and communications came and went with no production or response from Nationstar. *Id.* ¶ 20.

On December 2, 2019, U.S. Bank's counsel emailed Mr. Tillotson to follow up and Mr. Tillotson replied that same day with, "[w]e will produce all documents but the loan files by Weds of this week via electronic production. I am checking on the timing of the loan files…." *Id.* ¶ 21; Ex. N, at p. 1-2.

Nationstar missed its self-chosen deadline yet again and U.S. Bank's counsel was once again forced to follow up. On December 5, 2019, U.S. Bank emailed Mr. Tillotson to inquire about Nationstar's production and Mr. Tillotson, on December 6, 2019, again falsely reassured U.S. Bank that "[Nationstar] should be in a position to complete the production by mid next week. I will know by Monday which loans we have been able to find." *Id.* ¶¶ 22, 23; Exs. N, at p. 1, & O.

The following Monday, December 9, 2019, after not having heard from Nationstar about the loan files, U.S. Bank's counsel followed up with Mr. Tillotson—again, to no avail. *Id.* ¶ 24 Ex. P, at p. 2. U.S. Bank also followed up mid-week, on Wednesday, December 11, 2019 to inquire about the status of Nationstar's production but received no reply. *Id.* ¶ 25; Ex. P, at p. 1. Finally, on December 18, 2019, having received no further response from Nationstar, and no documents, U.S. Bank's counsel tried calling Mr. Tillotson's office, left a message with his assistant, and also followed up by email. *Id.* ¶ 26; Ex. P, at p. 1.

Thus, to date, Nationstar has failed to produce any documents or object in any way in response to the Subpoena.

## ARGUMENT

"Federal Rule of Civil Procedure 45 permits the issuance of a subpoena duces tecum to non-parties." *Clarick Gueron Reisbaum, LLP v. Quinn*, 2010 U.S. Dist. LEXIS 130676, at *3 (S.D.N.Y. 2010). Specifically, a party is entitled to obtain discovery that is "relevant to any party's claims or defense and that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. (internal citations omitted).

1. **U.S. Bank's subpoena to Nationstar was properly served and any objections were waived.**

U.S. Bank's Subpoena was properly served and complies with Rule 45's requirements. The Subpoena was issued on July 22, 2019. That same day, U.S. Bank's counsel emailed a courtesy copy of the subpoena to Nationstar's outside counsel, Mr. Tillotson; he replied later that day, implicitly acknowledging receipt. Two days later, on July 24, 2019, the Subpoena was personally served on Nationstar via the registered agent listed with the New York Department of State, Division of Corporations. *See generally* Fed. R. Civ. P. 45(b); *In re Grand Jury Subpoenas Issued to Thirteen Corps.*, 775 F.2d 43, 46 (2d Cir. 1985) ("A corporation may be served through an officer or agent explicitly or implicitly authorized to accept service of process."), *cert. denied*, 475 U.S. 1081 (1986); *see also* N.Y. L.L.C. Law § 302.

The Subpoena complies with the remaining requirements of Rule 45. It states the court from which it issued, the title of the action and its civil-action number, it commands Nationstar to produce documents at a specified time and place, and it sets out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A). The Subpoena is signed by U.S. Bank's counsel in this action, who

is authorized to practice in this Court. Fed. R. Civ. P. 45(a)(3). Notice of issuance of the subpoena and a copy of the Subpoena itself was provided to counsel of record for the parties in this action prior to service of the Subpoena. Fed. R. Civ. P. 45(a)(4).

Nationstar failed to timely raise any objections to the Subpoena. *See* Fed. R. Civ. P. 45(d)(2). Indeed, to date Nationstar has not raised any objections—timely or otherwise—to the Subpoena, and its counsel has agreed to produce all documents sought by U.S. Bank.[1] Thus, any objections it may have otherwise had have been waived. *Id.* ("The objection[s] must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(c)(2)(B) typically constitutes a waiver of such objections."); *United States v. Int'l Bus. Machs. Corp.*, 70 F.R.D. 700 (S.D.N.Y. 1976) (denying motion for protective order, and finding a more than two month delay to respond to a subpoena untimely and constituted a waiver of the right to object); *see also Seger v. Ernest-Spencer Metals*, No. 8:08CV75, 2010 U.S. Dist. LEXIS 12754, at *21 (D. Neb. Jan. 26, 2010) ("Because Valmont agreed without limitation to produce the requested documents, Valmont waived any remaining objections to the requests for these documents.").

**2. U.S. Bank's Subpoena seeks relevant documents.**

Nationstar acted as a servicer for the loans underlying the securities at issue in this litigation, and is therefore in unique possession of important documents relevant to this case. *See* Amended Complaint, Dkt. 62, ¶ 32.

---

[1] Specifically, Nationstar's counsel orally agreed to produce the documents during a telephone conversation on November 26, 2019. Kessler Decl. ¶ 18. Its counsel then agreed in writing on December 2, 2019 that "[w]e [Nationstar] will produce all documents but the loan files by Weds of this week via electronic production. I am checking on the timing of the loan files…." *Id.* ¶ 21.

The scope of permissible discovery is quite broad, and includes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …." Fed. R. Civ. P. 26(b)(1); *Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." (citation and quotation omitted)).

"Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *United States Bank Nat'l Ass'n v. Phl Variable Ins. Co.*, 288 F.R.D. 282, 284 (S.D.N.Y. 2012). "[T]he objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* at 285 (citation and quotation omitted). (Here, as noted above, Nationstar has waived any such objections.)

Each category of document sought by U.S. Bank is relevant to this action:[2]

U.S. Bank seeks production of communications between Nationstar and Plaintiff, including any loan lists (list of loan numbers) exchanged between them. *See* Kessler Decl. Ex. A at Request Nos. 1–3. This information is critical for U.S. Bank's defenses regarding the materiality of the allegedly breached representations and warranties.

U.S. Bank seeks documents regarding applicable settlements (if any exist). *Id.* at Request Nos. 5, 6, 9. A settlement involving the securities at issue could act as a direct offset to damages in this case, if a judgment is ultimately entered in Plaintiff's favor.

Finally, U.S. Bank seeks applicable Loan Files, Loan Tapes, and Loan Servicing Files (as defined in the Subpoena) for the loan numbers U.S. Bank emailed to Nationstar's counsel.

---

[2] While the document requests in the Subpoena itself are broader than these categories of requests, U.S. Bank asked Nationstar to produce only the subset of documents noted above (while reserving all rights with respect to the remainder of the requests).

Kessler Decl. ¶ 16; Ex. L. These documents pertain to the individual loans that collateralize the securities at issue in this litigation, and go to the heart of Plaintiff's claims.

### 3. Nationstar's History of Failing to Comply with Discovery Obligations Must Not Continue

Nationstar has an extensive history of failing to comply with its discovery obligations, with the current instance providing yet another example. Most notably, Ambac was forced to bring a motion to compel against Nationstar *in this very case*. Dkt. 63. Only once the motion was filed did Nationstar produce responsive documents, ultimately resulting in Ambac withdrawing its motion. Dkts. 68 and 70. Nationstar's lack of regard for its discovery obligations both as a party and non-party extend far beyond this case, however.[3]

## **CONCLUSION**

Nationstar's blatant misconduct should not be tolerated by this Court. If it is allowed to continue, it will prejudice U.S. Bank's ability to defend itself in this case. For this and the

---

[3] *See Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, Index No. 653979/2014 (N.Y. Sup. Ct.) (Ambac required to seek involvement of a discovery special master to force Nationstar to produce responsive documents. Declaration of Peter W. Tomlinson ¶¶ 13-14, Dkt. 65.); *In re Rhodes*, 563 B.R. 380 (Bankr. M.D. Fla. 2017) (holding that "Nationstar has flouted this Court's orders," damaged a party "insofar as she expended time and effort in quixotic attempts to beseech Nationstar to comply," and thus the court awarded "[c]ompensatory and punitive sanctions," including attorneys' fees); *In re Miller*, No. 14-10301, 2015 Bankr. LEXIS 4530 (Bankr. D. Vt. July 24, 2015) (finding Nationstar in contempt and imposing sanctions); *Waldschmidt v. Nationstar Mortg. LLC (In re Phillips)*, Nos. 314-05711, 314-90534, 2015 Bankr. LEXIS 1886 (Bankr. M.D. Tenn. June 9, 2015) (sanctions of attorneys' fees and costs imposed against Nationstar); *Royal Park Investments SA/NV v. Nationstar Mortgage LLC*, No. 3:16-mc-00122 (N.D. Tex.) (court issued multiple orders requiring Nationstar to produce documents, and later issued an order to show cause why Nationstar should not be sanctioned for failing to produce as ordered. Amended Order, Dkt. 19; Order, Dkt. 31; Order, Dkt. 37. The issue of sanctions was ultimately resolved by a stipulation between the parties. Even after that stipulation, plaintiffs were forced to file multiple notices of Nationstar's non-compliance with the court, but the issue of sanctions was again withdrawn after eventual compliance by Nationstar. Dkt. 53, 60, 62, 67); *Martino v. Nationstar Mortg. LLC*, No. 17-cv-1326 (KAD), 2019 U.S. Dist. LEXIS 86907 (D. Conn. May 23, 2019) (Nationstar "engaged in a course of conduct designed to thwart legitimate discovery in this matter," and ordered sanctions in the form of attorneys' fees.)

foregoing reasons, U.S. Bank respectfully requests that this Court grant its Motion to Compel and order Nationstar to promptly comply with the Subpoena.

Dated: New York, New York.
      January 15, 2020

Respectfully submitted,

**ROBINS KAPLAN LLP**

By: */s/ Carly A. Kessler.*
    Alexander D. Newman
    Carly A. Kessler
    399 Park Avenue, Suite 3600
    New York, NY 10022-4690
    Phone: (212) 980-7400
    Fax: (212) 980-7499
    anewman@robinskaplan.com
    ckessler@robinskaplan.com

    *Attorneys for Defendant*
    *U.S. Bank National Association*