USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/03/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMBAC ASSURANCE CORPORATION,
                Plaintiff,
-against-

U.S BANK NATIONAL ASSOCIATION,
                Defendant.

ORDER

1:17-CV-2614 (WHP)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      This action arises out of losses sustained from five residential mortgage-backed securities ("RMBS") trusts insured by Plaintiff Ambac Assurance Corporation ("Ambac"). Presently before the Court is Defendant U.S. Bank National Association's ("U.S. Bank") motion to compel non-party Nationstar Mortgage LLC ("Nationstar") to produce documents responsive to a subpoena. For the reasons discussed below, U.S. Bank's motion is GRANTED.

## Background

      U.S. Bank is the trustee of the five RMBS trusts at issue in this case. It is accused of breaching various contractual and common-law obligations, which Ambac contends caused it significant losses.

      The trusts were created in connection with the securitization of pools of mortgage loans originally issued/sold by Countrywide Home Loans Inc. ("Countrywide"). Investors purchased certificates in the trusts, which are backed by payments made by borrowers of the underlying mortgage loans. To protect investors against the risk of borrower defaults, the trusts obtained insurance from Ambac, which is referred to as a monoline insurer. In this case, Greenwich

1

Capital Financial Products, Inc. ("Greenwich") sponsored the securitizations pursuant to a Master Mortgage Loan Purchase and Servicing Agreement ("MMLPSA").

Countrywide assumed certain obligations to Greenwich under the MMLPSA and made certain representations and warranties relating to the quality and characteristics of the underlying mortgage loans. Countrywide Home Loans Servicing ("Countrywide Servicing") acted as servicer of the loans under the MMLPSA.

Greenwich pooled the loans and then transferred them to a special purpose vehicle (the "Depositor") under a Mortgage Loan Purchase Agreement ("MLPA"). The loans were then conveyed to the trusts pursuant to a Pooling and Servicing Agreement ("PSA").

Under the MLPA and PSA, Greenwich assigned its rights against Countrywide and Countrywide Servicing to U.S. Bank. As the trustee, U.S. Bank was obliged to enforce the Countrywide entities' obligations under the agreements and take certain actions in the event it discovered a breach of the representations and warranties made in those agreements. Among other things, U.S. bank had to certify that it received complete mortgage loan files and could institute a foreclosure action if the borrower defaulted. The PSA imposed a duty on U.S. Bank to enforce Countrywide's obligation to cure or repurchase loans that breached its contractual representations and warranties, Greenwich's obligation to deliver complete loan files to the trusts, and Countrywide Servicing's obligation to service the loans properly.

Ambac is an express trust beneficiary under the PSA. The PSA also gives Ambac the right to exercise the rights of the insured certificate holders/investors. As is well known, there were a variety of problems with the underlying mortgage loans and many borrowers defaulted. As a result, Ambac was obligated to pay over $300 million in insurance claims under the policies it

issued to the trusts.  Ambac seeks to recover its losses, which it contends stem from U.S. Bank's breaches of various contractual and common-law obligations.

Nationstar is a non-bank residential mortgage servicer that originated, underwrote, approved, and/or funded loans within the trusts.

### **Subpoena on Nationstar**

U.S. Bank served a subpoena on Nationstar pursuant to Federal Rule of Civil Procedure 45 on July 22, 2019.  The subpoena seeks communications with Ambac, settlement and loan and loan servicing files.  Counsel for Nationstar acknowledged receipt.  Nonetheless, Nationstar failed to object or otherwise respond to the subpoena by the August 12, 2019 deadline for compliance.  Nor did Nationstar seek an extension of time to respond.

U.S. Bank's counsel thereafter sent emails and made phone calls to counsel for Nationstar in an attempt to meet and confer about the subpoena and secure compliance without the need for court intervention.  In an October 7, 2019 letter, U.S. Bank sent a detailed letter clarifying and narrowing its subpoena in a further attempt to secure compliance.  In November 2019, Nationstar's counsel finally responded to U.S. Bank's inquiries and agreed to produce responsive documents by November 27, 2019.  However, Nationstar failed to meet the agreed-upon production date.

On December 2, 2019, in response to another inquiry from U.S. Bank's counsel, counsel for Nationstar represented that it would produce all of the document requested other than the loan files by the end of the week and that the loan files would be produced subsequently.  Nationstar missed the deadline again.

Counsel for U.S. Bank again attempted to speak with counsel for Nationstar about producing the requested documents, but to date, Nationstar has failed to produce any documents, leading to the instant motion to compel. Nationstar never moved to quash the subpoena and has not opposed U.S. Bank's motion to compel.

**Discussion**

Federal Rule of Civil Procedure 45 ("Rule 45") permits parties to obtain discovery from non-parties. The information requested in the subpoena must be consistent with Rule 26(b)(1), meaning that the information must be relevant to the claims and defenses and proportional to the needs of the case. Rule 45 requires a document subpoena to state the court from which it is issued, the title of action and its civil-action number, command the person to whom it is directed to produce documents in that person's possession, custody, or control, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a). It may command production of documents at a place within 100 miles of where the person to whom it is directed resides. Fed. R. Civ. P. 45(c)(2). The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g).

The Court has reviewed U.S. Bank's subpoena and find that it complies with Rule 45. Furthermore, U.S. Bank has demonstrated proper service on Nationstar of the subpoena as well as the instant motion to compel. By failing to timely raise any objections to subpoena, Nationstar has waived them. Fed. R. Civ. P. 45(d)(2); *Concord Boat Corp. v. Brunswick Corp*., 169 F.R.D. 44, 48 (S.D. N.Y. 1996).

The Court also has reviewed the subpoena to ensure that it complies with Rule 26. It does. The categories of documents sought are relevant to this action insofar as they include

information about loans that are at the heart of the claims against U.S. Bank-the loans that collateralize the securities at issue in this litigation, as well as communications about those loans, and any settlements, which would be relevant to damages.

Nationstar has offered no basis for its failure to comply. Accordingly, U.S. Bank's motion is granted.

## Conclusion

For all the reasons set forth above, U.S. Bank's motion to compel Nationstar to respond to its subpoena is GRANTED. Nationstar shall comply and produce responsive documents by no later than February 28, 2020 or face sanctions. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 133.

**SO ORDERED.**

Dated: February 3, 2020
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge