February 9, 2021

Hon. William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007



Re:   *Ambac Assurance Corp. v. U.S. Bank National Association*,
      No. 17-cv-2614-WHP-KHP (S.D.N.Y.)

Dear Judge Pauley:

  We are counsel for Ambac Assurance Corporation ("Ambac") and U.S. Bank National Association ("U.S. Bank"), parties in the above-captioned action. We write to request that the Court stay proceedings related to Ambac's Fifth and Sixth Causes of Action, which seek a declaratory judgment and damages for breach of contract related to the accounting for and distribution of funds and Ambac's rights to receive distributions (the "Waterfall Provisions"), pending an appeal to the Second Circuit of related issues in another case between the Parties.

  As Your Honor is aware, this case concerns five RMBS trusts issued from the Harborview shelf in 2005 (the "Covered Trusts"). Ambac's claims primarily relate to whether U.S. Bank complied with its duties as Trustee of the Covered Trusts, and in particular whether it had an obligation to pursue claims against Countrywide Home Loans, Inc. Two of Ambac's claims, however, address a different issue: in its Fifth Cause of Action, Ambac seeks a declaratory judgment that U.S. Bank must account for and distribute funds pursuant to the Waterfall Provisions, and in its Sixth Cause of Action Ambac seeks a declaratory judgment on the operation of the Waterfall Provisions. U.S. Bank's liability under the Fifth and Sixth Causes of Action turns on the interpretation of the Waterfall Provisions, and the Parties therefore believe these issues fall under "Phase 1" expert discovery under the current Revised Scheduling Order (Dkt. 76, 153).[1] Phase 1 expert reports are to be served on March 18, 2021.

  Another case between the parties, *Ambac Assurance Corporation v. U.S. Bank National Association*, No. 18-cv-5182, before Judge Schofield, addressed the interpretation of the analogous provisions with respect to the Harborview Mortgage Loan Trust 2005-10 ("HV 2005-10 Waterfall Provisions"). HV 2005-10 is not among the Covered Trusts, but its governing agreements contain similar contractual language to the Covered Trusts. Judge Schofield requested early summary judgment briefing on the plain-language interpretation of the HV 2005-10 Waterfall Provisions, before the parties undertook fact or expert discovery. On December 7, 2020, she issued an opinion and order, and on December 22, 2020 a judgment, holding that the HV 2005-10 Waterfall Provisions are unambiguous on their face and

---

[1] Phase 1 relates to all issues other than reunderwriting of loans and damages; Phase 2 relates to reunderwriting and damages.

12310550

Hon. William H. Pauley III
February 9, 2021
Page 2

interpreting them as a matter of law.  Ambac has appealed that judgment to the Court of Appeals for the Second Circuit (No. 21-70).

The Parties agree that the Second Circuit's resolution of the appeal concerning the HV 2005-10 Waterfall Provisions would clarify the issues related to the Waterfall Provisions in this case.  Depending on the outcome of the appeal, expert discovery and summary judgment briefing related to the Waterfall Provisions may not be necessary, or the areas of dispute with respect to the Waterfall Provisions may be narrowed.  Therefore, the Parties jointly request that the Court stay Ambac's Fifth and Sixth Causes of Action until the Second Circuit appeal related to the HV 2005-10 Waterfall Provisions is decided.

The Parties propose to submit a joint letter within 10 days of the issuance of the mandate in the appeal of HV 2005-10 Waterfall Provisions setting forth their positions on whether expert discovery and/or briefing will be required on those issues in this action, and if necessary proposing a schedule.  The Parties anticipate that one or both will request permission to move for summary judgment following the completion of Phase 1 expert discovery on June 18, 2021, and, given the likely schedule in the Second Circuit, our expectation is that if discovery is required on the Waterfall Provisions it can be folded into the Phase 2 expert discovery that is already anticipated under the existing Revised Scheduling Order.

A proposed stipulation and order reflecting the Parties' request is enclosed.  We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Henry J. Ricardo*
Peter W. Tomlinson
Henry J. Ricardo
Stephanie Teplin
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(212) 336-2000
pwtomlinson@pbwt.com
hjricardo@pbwt.com
steplin@pbwt.com

*Attorneys for Plaintiff Ambac Assurance Corporation*

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

12310550   Dated: February 17, 2021
            New York, New York

/s/ *Michael T. Marcucci*
David F. Adler
Michael T. Marcucci
JONES DAY
100 High Street, 21st Floor
Boston, Massachusetts 02110-1781
(617) 960-3939; (617) 499-6999 (fax)
dfadler@jonesday.com
mmarcucci@jonesday.com

Albert J. Rota
JONES Day
2727 North Harwood Street
Dallas, Texas  75201
(214) 220-3939; (214) 969-5100 (fax)
ajrota@jonesday.com

*Attorneys for Defendant U.S. Bank National Association*

The Parties shall appear for a telephonic conference to discuss the Parties' joint request on February 23, 2021 at 3:30 p.m. The dial-in number is (888) 363-4749. The access code is 3070580.