UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>Defendant. | Case No. 17-cv-2614-WHP |

### [PROPOSED] ORDER STAYING ISSUES RELATED TO WATERFALL INTERPRETATION

WHEREAS, on March 12, 2018 Plaintiff Ambac Assurance Corporation ("Ambac") filed an Amended Complaint (Dkt. 62) in the above-captioned case against Defendant U.S. Bank National Association ("U.S. Bank," and together with Ambac, the "Parties");

WHEREAS, Ambac's Fifth Cause of Action seeks a declaratory judgment that U.S. Bank, as Trustee of five RMBS Trusts (the "Covered Trusts"), must account for and distribute funds pursuant to the provisions in the governing agreements of the Covered Trusts related to the distribution of funds and Ambac's rights to receive distributions (the "Waterfall Provisions"), and Ambac's Sixth Cause of Action alleges breach of contract based on U.S. Bank's failure to account for and distribute funds pursuant to the Waterfall Provisions;

WHEREAS, on June 8, 2018 Ambac filed a separate action against U.S. Bank as trustee of the Harborview 2005-10 Mortgage Loan Trust, No. 18-cv-5182 (the "2005-10 Action") asserting, among other things, that U.S. Bank breached its contractual obligations by misapplying the provisions in the governing agreement of Harborview 2005-10 Mortgage Loan

12444597

Trust related to the accounting for and distribution of funds and Ambac's right to receive distributions (the "HV 2005-10 Waterfall Provisions");

WHEREAS, on December 7, 2020 the District Court in the 2005-10 Action issued an opinion and order, and on December 22, 2020 issued a judgment, holding that the HV 2005-10 Waterfall Provisions were unambiguous and interpreting them as a matter of law;

WHEREAS, Ambac has filed a notice of appeal to the Second Circuit Court of Appeals of the judgment in the 2005-10 Action, docketed at No. 21-70 (2d Cir.); and

WHEREAS, the Parties agree that the decision of the Second Circuit Court of Appeals in the 2005-10 Action would clarify the law governing the Waterfall Provisions in this action and may permit the parties to streamline or avoid expert discovery in this action and/or to coordinate expert discovery between this action and the HV 2005-10 Action;

NOW, THEREFORE, the Court ORDERS as follows:

1. Ambac's Fifth and Sixth Causes of Action are stayed while the 2005-10 Action is pending before the Second Circuit Court of Appeals.

2. Neither party shall serve expert reports or otherwise engage in expert discovery related to Ambac's Fifth and Sixth Causes of Action, whether such expert discovery would fall under Phase 1 or Phase 2, as defined in the July 18, 2018 Scheduling Order (Dkt. 76) and the current Revised Scheduling Order (Dkt. 194), while the 2005-10 Action is pending before the Second Circuit Court of Appeals.

3. Neither party shall move for summary judgment on Ambac's Fifth or Sixth Causes of Action while the 2005-10 Action is pending before the Second Circuit Court of Appeals.

4. Within ten days of the Second Circuit Court of Appeal's issuance of a mandate in the appeal of the 2005-10 Action, the Parties will submit a joint letter informing the Court of the Parties' positions with respect to whether expert discovery and summary judgment briefing related to Ambac's Fifth and Sixth Causes of Action is required in this action in light of the Second Circuit Court of Appeals' decision in the 2005-10 Action, and if so proposing a schedule for such discovery and briefing.

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

Dated: February 25, 2021
New York, New York

12444597