UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMBAC ASSURANCE CORPORATION,

                          Plaintiff,

-v-

U.S. BANK NATIONAL ASSOCIATION,

                          Defendant.

17 Civ. 2614 (PAE) (KHP)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This decision resolves a motion to intervene by Barbara Stephens, proceeding *pro se*. The Court has reviewed Stephens's motion, Dkt. 302 ("Mot."), the opposition of plaintiff Ambac Assurance Corporation ("Ambac"), Dkts. 308 ("Opp."), 309, 310, and Stephens's reply, Dkt. 313 ("Reply"). Defendant U.S. Bank National Association ("U.S. Bank") did not respond to Stephens's motion. For the following reasons, the Court denies the motion to intervene.

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action." The Second Circuit has set out a four-part test governing intervention as of right, each part of which is required to be satisfied:

> (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

*St. John's Univ., N.Y. v. Bolton*, 450 F. App'x 81, 83 (2d Cir. 2011) (citation omitted). The test is to be applied mindful that Rule 24 "provides the flexibility necessary to cover the multitude of

possible intervention situations." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984) (citation omitted).

As to the first requirement, timeliness, the Court must consider the case chronology as well as "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). As to the interest claimed, a party is entitled to intervene when it claims an interest that is "direct, substantial, and legally protectable." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (citation omitted). As to the requirement of impairment, the proposed intervenor must demonstrate that her interest may be impaired by the disposition of the action, which can be satisfied by asserting that, "as a practical matter," an adverse decision may "compromise[]" her claims. *Del. Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 509 (S.D.N.Y. 2015) (citation omitted). And as to the final requirement, adequacy, a proposed intervenor's interests cannot be "identical" to those of other parties or adequately represented by another party. *Id.* (citation omitted).

Rule 24 also provides for permissive intervention. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact," so long as such intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). Considerations include: "[1] the nature and extent of the intervenors' interests, [2] the degree to which those interests are adequately represented by other parties, and [3] whether parties seeking intervention will significantly contribute to the full development of the underlying factual issues in the suit

and to the just and equitable adjudication of the legal questions presented." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (internal quotation marks and brackets omitted)). This rule is "to be liberally construed" in favor of intervention. *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 407 (S.D.N.Y. 2006).

Stephens's claims relate to two parcels of land—one that is "purportedly secured by the Harborview Mortgage Loan Trust 2005-10[,] which are and were insured by Ambac," and another that was lost "to foreclosure to Deutsche Bank as Trustee of the Harborview Mortgage Loan Trust 2006-BU1." Mot. at 1. She contends that Ambac's claims in this case encompass the mortgages for these two properties, and she seeks "recovery of money for borrower default caused by . . . US Bank." *Id.* at 12. She also states that she has filed a contempt motion against Ambac in a Florida state court, based on its alleged refusal to respond to a subpoena related to the properties. *See id.* at 1–2. Ambac opposes intervention, asserting, *inter alia*, that Stephens does not claim any connections to the trusts at issue in this case, that Ambac generally does not insure individual mortgages, and that Ambac did not insure Stephens's mortgage. *See* Opp. at 3–4, 6 & n.6. Ambac has also produced email correspondence between it and Stephens, predating the instant motion, in which its counsel explained to Stephens that this litigation does not bear on her claims. *See* Dkts. 309, 310.

Even assuming that Stephens's motion to intervene was timely and that it asserts legally protectable interests, she does not satisfy the requirements of either intervention as of right or permissive intervention. This case turns on the contractual and fiduciary duties U.S. Bank allegedly owed as trustee to five trusts that closed in mid-to-late 2005: Harborview Mortgage Loan Trust 2005-2, 2005-8, 2005-12, 2005-13, and 2005-16. Dkt. 237 ¶ 13. Ambac insured

3

certain classes of securities within these trusts. It alleges here that the ensuing claims by certificate holders, upon default by borrowers on those loans, could have been avoided had U.S. Bank fulfilled its contractual and fiduciary duties to protect the trusts' interests. *See Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, --- F. Supp. 3d ---, 2022 WL 4621431, at *1–2 (S.D.N.Y. Sept. 30, 2022). Stephens's claims, however, relate to separate trusts not at issue in this litigation: Harborview Mortgage Loan Trust 2005-10 and Harborview Mortgage Loan Trust 2006-BU1. *See* Mot. at 1. And she has not demonstrated how her interests in those two trusts sufficiently "relat[e] to the property or transaction that is the subject of the action," so as to warrant intervention as of right. Fed. R. Civ. P. 24(a)(2).

Stephens also fails to demonstrate that her interests would be impaired by disposition of this case. There is no basis on which to infer that an adverse decision on Ambac's claims as to a distinct set of trusts would compromise her claims. *See Del. Tr. Co.*, 534 B.R. at 509–10. Accordingly, even mindful of the flexibility afforded by Rule 24, the Court denies intervention as of right. For the same reasons, the Court denies leave for permissive intervention, because Stephens's claims do not "share[] with the main action a common question of law or fact."[1] Fed. R. Civ. P. 24(b).

The Court respectfully directs the Clerk of Court to close the motion pending at docket 302.

---

[1] In light of the Court's finding that Stephens's claims do not sufficiently relate to the subject matter of this case, the Court does not have occasion to consider her arguments about Ambac's responsiveness to her discovery requests, *see* Reply at 2–4.

4

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 4, 2023
       New York, New York